UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER INVESTMENT
MANAGEMENT CORP.,

    Plaintiff,

v.                                      Case No. 8:14-cv-00796-T-EAK-TGW

WALTER ENERGY, INC.,

    Defendant.
_____/

## ORDER

This cause is before the Court on Defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 17) and Plaintiff's second corrected response in opposition (Doc. 26). For the reasons set forth below, Defendant's motion for judgment on the pleadings is **DENIED**.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed its complaint on April 3, 2014. (Doc. 1.) Defendant filed its answer on April 28, 2014 (Doc. 8) and an amended answer on May 21, 2014. (Doc. 14). Defendant filed a motion for judgment on the pleadings on June 5, 2014. (Doc. 17.) Plaintiff filed a response in opposition to Defendants' motion on June 19, 2014. (Doc. 21.) Thereafter, Plaintiff twice amended and filed its second corrected response in opposition to Defendant's motion on July 15, 2014. (Doc. 26.)

1

Plaintiff's complaint explains that Plaintiff operates as a mortgage-servicing company, while Defendant is a corporation that now focuses its business on mining and natural gas. Plaintiff alleges that it and Defendant are each incarnations of two companies, Mid-State Homes, Inc. and Jim Walter Homes, Inc., respectively, which were once "joined under one umbrella," operating as "sister subsidiaries of parent companies Jim Walter Corporation and Jim Walter Industries, Inc." ("Walter Industries"). On January 1, 1983, during the time they operated as sister subsidiaries, Mid-State and Jim Walter Homes entered into a contract, "Agreement of Purchase and Sale of Installment Obligations and Servicing of Delinquent Accounts." (Exhibit A.) Jim Walter Homes, a home builder, would originate "installment obligations to its buyers" and Mid-State would help Jim Walter Homes "servic[e] those obligations." Jim Walter Homes agreed to assist Mid-State with collections when accounts became "delinquent" (overdue on at least two monthly payments), and to repurchase any installments that remained delinquent for six months.

According to Plaintiff, in the years since the 1983 agreement was entered into, Walter Investment Management, LLC, was "created to hold Mid-State's assets, was spun off from Walter Industries into its own, separate company" and renamed Walter Investment Management Corp., the Plaintiff to this action. During roughly this same time period, Jim Walter Homes "remained with Walter Industries, which became Walter Energy and relocated to Alabama." These changes (the Walter Investment Management Corp. spin-off and Walter Energy's relocation and name change) were completed by 2010. (Doc. 1 p. 2, 7.)

Plaintiff alleges that Defendant breached the 1983 agreement when it failed to repurchase installment obligations (specifically, those termed the "Hector Gonzalez claims") from Plaintiff between 2009 until the present time. Plaintiff alleges that by the terms of the contract, Defendant was required to repurchase these accounts because they are "delinquent" and have been so for more than six months.

## STANDARD OF REVIEW

After the close of pleadings, any party may move for judgment on the pleadings so long as doing so does not delay trial. Fed. R. Civ. P. 12 (c). Judgment on the pleadings is proper "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). Thus, to render a judgment on the pleadings, the Court must find the pleadings do not present any genuine issues of material fact. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005).

"A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F.Supp.2d 1289, 1291 (M.D. Fla. 2011). The Court must make all inferences in favor of the nonmoving party and "'accept the facts alleged in the complaint as true.'" *Id.* (quoting *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998)). Dismissal is not appropriate unless the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the Court to draw a reasonable inference that

the defendant is liable for the alleged misconduct. See *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

On a motion for judgment on the pleadings, the Court reviews only what is presented in the pleadings—the answer and the complaint—and any judicially noticed facts. Fed. R. Civ. P. 7(a); *Horsley*, 292 F.3d at 700. However, the Court may consider documents which are "central to plaintiff's claim" and whose "authenticity is not challenged." *Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010)(quoting *SFM Holdings, Ltd. V. Banc of America Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010)). The Court may not consider any matters other than these; if "matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d). In that case, "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

## DISCUSSION

Defendant's main contention in its motion for judgment on the pleadings is that it has been improperly named as a party to this case. Defendant states Jim Walter Homes and Mid-State Homes are parties to the 1983 agreement and that Defendant never assumed the responsibilities or obligations of Jim Walter Homes: Jim Walter Homes "has been a separate legal entity at all times since it executed the 1983 Agreement and has not been a party to any merger or consolidation with either Walter Energy, Inc. or any entity to which Walter

4

Energy, Inc. is the successor, directly or indirectly, by merger or consolidation." (Doc. 17).

These allegations, presented in Defendant's motion for judgment on the pleadings, are not alleged in Defendant's answer. Thus, the Court cannot consider them without converting the motion into one for summary judgment. At this stage, summary judgment is improper. Among other things, the parties have not been given "reasonable opportunity to present all the material that is pertinent" to a motion for summary judgment. Fed. R. Civ. P. 12(d).

Even if the Court could consider Defendant's allegations in its motion for judgment on the pleadings, the allegations themselves present genuine issues of material fact which make both judgment on the pleadings and summary judgment improper still. As Plaintiff points out in its response, the "very basis upon which" Defendant seeks to have Plaintiff's complaint dismissed presents genuine issues of material fact. While Defendant alleges in its motion that it never assumed the obligations of Jim Walter Homes, Plaintiff alleges in its complaint that Defendant did assume those obligations as the successor to Jim Walter Homes. The parties thus appear to disagree as to how the companies were restructured, and which companies continue to be bound under the 1983 agreement. These disagreements are genuine dispute of material fact, making both judgment on the pleadings and summary judgment improper.

Setting aside the new allegations within Defendant's motion for judgment on the pleadings, the complaint and answer by themselves also present genuine issues of material fact that make judgment on the pleadings improper still. In its

answer, Defendant responds to the majority of Plaintiff's allegations by specifically denying or denying by stating Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations. In its answer, Defendant denies Plaintiff's allegation that "the 1983 Agreement is a valid and binding contract" between the parties. This is a denial of one of the most basic and essential allegations in Plaintiff's complaint, and is a prime example of one of the genuine issues of material fact present which make judgment on the pleadings improper at this stage.

## CONCLUSION

The pleadings present genuine issues of material fact which make judgment on the pleadings improper. Accordingly, it is,

**ORDERED** that Defendant's motion for judgment on the pleadings is **DENIED**.

Done and **ORDERED** in Chambers at Tampa, Florida, on this 9th day of September 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.